**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **TERRY W. BURCHETT,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | **Civil Action Number:** |
| **ACR, INC. and MICHAEL BRANNON,** | : | |
| | : | **Jury Trial Demanded** |
| | : | |
| **Defendants.** | : | |

**COMPLAINT**

Plaintiff, Terry W. Burchett by and through the undersigned counsel, brings this complaint against Defendants ACR, Inc., (hereinafter "ACR") and Michael Brannon (hereinafter "Brannon") and pleads as follows:

**INTRODUCTION**

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA to (1) recover the overtime pay that was denied him; (2) recover an additional amount as liquidated damages; and (3) recover his costs of litigation, including his reasonable attorneys' fees.

**JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant ACR is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

4.

Plaintiff resides within Gwinnett County, Georgia.

5.

Defendant ACR employed Plaintiff in and around Lawrenceville, Georgia from September 12, 2011 until March 5, 2012.

6.

At all times relevant to this suit, Plaintiff has been an "employee" of Defendant ACR as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about September 12, 2011 until March 5, 2012, Plaintiff was "engaged in commerce" as an employee of Defendant ACR as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

Defendant ACR is a corporation organized under the laws of the State of Georgia.

9.

At all times material hereto, Defendant ACR has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

From on or about September 12, 2011 until March 5, 2012, Defendant ACR was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2011, Defendant ACR had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2012, Defendant ACR had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2011, Defendant ACR had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

14.

During 2012, Defendant ACR had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

15.

During 2011, Defendant ACR had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

During 2012, Defendant ACR had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

At all times material hereto, Defendant ACR has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

18.

Defendant ACR is subject to the personal jurisdiction of this Court.

19.

Defendant Brannon resides within Gwinnett County Georgia.

20.

At all times material hereto, Defendant Brannon exercised operational control over the work activities of Plaintiff.

21.

At all times material hereto, Defendant Brannon was involved in the day to day operation of ACR in which Plaintiff worked.

22.

At all times material hereto, Defendant ACR vested Defendant Brannon with supervisory authority over Plaintiff.

23.

At all times material hereto, Defendant Brannon exercised supervisory authority over Plaintiff.

24.

At all times material hereto, Defendant Brannon scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

25.

At all times material hereto, Defendant Brannon exercised authority and supervision over Plaintiff's compensation.

26.

At all times material hereto, Defendant Brannon has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

27.

Defendant Brannon is subject to the personal jurisdiction of this Court.

28.

At all times relevant to this suit and while an employee of Defendant ACR, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

29.

At all times relevant to this suit and while an employee of Defendant ACR, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

30.

At all times relevant to this suit and while an employee of Defendant ACR, Plaintiff was not was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

31.

At all times relevant to this suit and while an employee of Defendant ACR, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

32.

At all times relevant to this suit and while an employee of Defendant ACR, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

**COUNT I — FAILURE TO PAY OVERTME**

33.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

34.

At all times material hereto, Terry Burchett has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

35.

During his employment with Defendants, Terry Burchett regularly worked in excess of forty (40) hours each week.

36.

Defendants failed to pay Terry Burchett at one and one half times his regular rate for work in excess of forty (40) hours in any week from September 12, 2011 through March 5, 2012.

37.

Defendants willfully failed to pay Terry Burchett at one and one half times his regular rate for work in excess of forty (40) hours in any week from September 12, 2011 through March 5, 2012.

38.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

39.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

40.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. As to Count I, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

***DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC***

*/S/ MICHAEL A. CALDWELL*
MICHAEL A. CALDWELL
GA. BAR NO. 102775

*/ S/ CHARLES R. BRIDGERS*
CHARLES R. BRIDGERS
GA. BAR NO. 080791

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
michaelcaldwell@dcblegal.com
charlesbridgers@dcbflegal.com

**COUNSEL FOR PLAINTIFF**