UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TERRY W. BURCHETT,<br><br>          Plaintiff,<br><br>v.<br><br>ACR, INC, and<br>MICHAEL BRANNON<br><br>          Defendants. | CIVIL ACTION NO.<br><br>1:12-CV-01489-CAP |

**O R D E R**

This matter is before the court on the plaintiff's motion for partial summary judgment [Doc. No. 26]. For the following reasons, the plaintiff's motion is GRANTED IN PART and DENIED IN PART.

**I.     Statement of Facts**

The court considers the following facts undisputed and views them in the light most favorable to the defendants, ACR, Inc. and Michael Brannon. Facts immaterial to the decision or not supported by the record have been omitted.

On September 12, 2011, Defendant Michael Brannon hired the plaintiff, Terry Burchett, as a marketing and customer service assistant for Brannon's automobile collision repair business, ACR, Inc. The plaintiff's primary duties included maintaining ACR's websites, taking advertising

photographs and posting them to the sites, finding sources and prices for automobile parts, and retrieving the parts from various dealers.

The parties agreed that the plaintiff would receive $100 per day without regard to the hours he worked. The defendants scheduled the plaintiff to work Monday through Friday from 8:00 a.m. until 6:00 p.m. and Saturdays from 9:00 a.m. until 4:00 p.m. Although the defendants allowed employees forty-five minutes for lunch, taking a break was not required. Further, from September 12, 2011 until February 4, 2012, the defendants did not keep records of the plaintiff's time spent at work. Beginning February 6, 2012, the defendants required the plaintiff to clock in and out on ACR's time clock. Over the next four workweeks, the plaintiff logged 52.32 hours, 42.33 hours, 51.85 hours, and 44.96 hours, respectively. The plaintiff's pay structure never altered, and his pay stubs do not reflect any payment as "overtime" compensation. On March 5, 2012, the defendants terminated the plaintiff's employment.

This lawsuit arises out of the plaintiff's claim that his employer violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime wages for hours worked in excess of forty per week. The defendants assert that at all times the plaintiff was employed in a bona fide

administrative capacity and was thus exempt from the FLSA's overtime compensation requirements under 29 U.S.C. § 213(a)(1).

The plaintiff asserts he is entitled to summary judgment on (1) whether the defendants employed him in a bona fide administrative capacity; (2) whether the defendants required or permitted him to work in excess of forty hours in a week for the pay periods in question; and (3) whether the defendants failed to compensate him at the overtime rate in violation of the FLSA.

Further, the defendants contend that they are entitled to summary judgment in their favor. The court reminds the defendants that they did not properly move for summary judgment, and the court declines to grant judgment for a party under such circumstances.

## II.   Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure authorizes a court to enter summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The party seeking summary judgment bears the burden of demonstrating that no dispute as to any material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 156 (1970); *Johnson v. Clifton*, 74 F.3d 1087, 1090

(11th Cir. 1996). The moving party's burden is discharged merely by "showing'—that is, pointing out to the district court—that there is an absence of evidence to support [an essential element of] the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in light most favorable to the party opposing the motion. *Johnson*, 74 F.3d at 1090. Once the moving party has adequately supported its motion, the nonmovant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In deciding a motion for summary judgment, it is not the court's function to decide issues of material fact but to decide only whether there is such an issue to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). The applicable substantive law will identify those facts that are material. *Anderson*, 477 U.S. at 247. Facts that in good faith are disputed, but which do not resolve or affect the outcome of the case, will not preclude the entry of summary judgment as those facts are not material. *Id.* Genuine disputes are those by which the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* "Genuine" factual issues must have a

real basis in the record. *Matsushita*, 475 U.S. at 586. When the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Id.*

### III.  Legal Analysis

#### A. The plaintiff was not exempt from receiving overtime compensation under the Administrative Employee Exemption to the FLSA

The FLSA establishes minimum labor standards to eradicate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a) (2006). The statute was designed to "aid the unprotected, unorganized, and lowest paid of the nation's working population; that is, those employees who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 n.18 (1945). A cornerstone of the FLSA is the requirement to pay employees "engaged in commerce or in the production of commerce" overtime when they work more than forty hours in a week. 29 U.S.C. § 207(a)(1). The overtime compensation required by law shall be at a rate "not

less than one and one-half times the regular rate at which [the employee] is employed."[1] 29 U.S.C. § 207(b)(2).

There are, however, exemptions from the overtime pay requirement that may apply depending upon the type of work performed by the employee; the overtime provisions of the FLSA do not apply to "any employee employed in a bona fide executive, administrative, or professional capacity" as defined by regulations promulgated by the Secretary of Labor. 29 U.S.C. § 213(a)(1) (2006).

29 C.F.R. § 541.200 (2004) defines the term "employee employed in a bona fide administrative capacity" as any employee:

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . . exclusive of board, lodging or other facilities;
> (2) Whose primary duty is the performance of office of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

The defendants argue that the plaintiff was employed in a bona fide administrative capacity. Thus, the dispute between the parties is whether the plaintiff meets each element of the exemption.

---

[1] "Regular Rate" is defined by 29 U.S.C. § 207(e). The regular rate is an hourly rate. 29 C.F.R. § 778.109. It excludes holiday pay. *Id.* at § 778.108.

It is undisputed that the plaintiff was paid "at the rate of $100 per day, regardless of whether he worked one hour or ten hours." Aff. of Michael Brannon, ¶¶ 5, 13 [Doc. No. 27-2]. The defendants did not, however, guarantee the plaintiff a weekly minimum, as the exemption's salary element requires. "An exempt employee must receive the full [week's] salary *in any week* in which the employee performs *any work* without regard to the number of days or hours worked." 29 C.F.R. § 541.602 (emphasis added).

Most weeks, the plaintiff worked five or six days during the workweek and earned more than the statutory minimum of $455 per week. Ex. A to Defs.' Resp. [Doc. No. 27-3]. When the plaintiff worked three days in a week he received $300, and when he worked four days in a week he received $400—*less* than the statutory minimum. *Id.* The plaintiff's pay structure did not guarantee him a $455 weekly minimum without regard to the number of days or hours worked. Accordingly, his pay did not meet the administrative exemption's salary requirement. Thus, the defendants were not exempt from complying with the FLSA overtime compensation provision. Further examination of the exemption is unnecessary.[2]

---

[2] The court notes, however, that by the defendants' admission, the plaintiff did not qualify as an administrative employee even if the defendants had guaranteed the salary requirements. The plaintiff lacked the requisite freedom from supervision, as he "was not capable of using discretion and

7

B. **The plaintiff worked in excess of forty hours during certain workweeks, and the defendant did not properly compensate the plaintiff under 29 U.S.C. § 207(a)(1)**

The FLSA requires "[e]very employer subject to any provision . . . [of the FLSA to] make, keep, and preserve such records of [his employees'] wages . . . [and] hours." 29 U.S.C. § 211(c). Further, the Secretary of Labor requires that an employer's records include the employee's "hours worked each workday and total hours worked each workweek." 29 C.F.R. § 516.2. Employers "are charged with knowledge of what the law and regulations demand of such records." *McComb v. Hardy*, 8 F.R.D. 28, 30 (E.D. Va. 1948). An employer's "[f]ailure to keep accurate records can obscure a multitude of minimum wage and overtime violations" and effectively undermine the FLSA's enforcement. *Wirtz v. Mississippi Publishers Corp.*, 364 F.2d 603, 607 (5th Cir. 1966).[3]

The parties do not dispute that the defendants "scheduled [the plaintiff] to work from 8 a.m. through 6 p.m. Monday through Friday, plus from 9 a.m. through 4 p.m. on Saturdays." Pl.'s Statement of Material Facts, ¶ 17 [Doc. No. 26-3]. Nor do the parties dispute that the defendants allowed,

---

independence in his work, [and] requir[ed] almost daily supervision to accomplish his duties." Aff. of Michael Brannon, ¶ 4 [Doc. No. 27-2].
[3] Decisions of the former Fifth Circuit handed down on or before September 30, 1981, are binding on this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

but did not require, employees to take a forty-five minute lunch break. Defs.' Resp. to Pl.'s Statement of Material Facts [Doc. Nos. 27-1]. Further, during the period in which the plaintiff claims he worked overtime without compensation, the defendants properly maintained records from February 5, 2012 to March 5, 2012. Ex. D to Defs.' Resp. [Doc. 27-6]. From September 12, 2011 to February 4, 2011, however, the defendants did not record *any* hours in which the plaintiff worked. *Id.*

> 1. **A genuine issue of material fact exists regarding whether the plaintiff worked more than forty hours during workweeks spanning September 12, 2011 through February 4, 2012**

An employee who brings suit for violation of the FLSA's overtime compensation requirement, 29 U.S.C. § 207(a)(1), bears "the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 688, 687 (1946). The plaintiff's burden, however is an "impossible hurdle" to overcome where his employer fails to keep proper records. *Id.* Further, policy considerations mandate that an employer not be allowed to benefit from his violation of the FLSA and escape liability. *Id.* Thus, where an employer fails to keep proper and accurate records of an employee's work hours, "an employee has carried out his burden if he proves that he has in fact performed work for which he was

improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* The employer must then produce "evidence of the *precise amount of work performed* or . . . [produce] evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687–88 (emphasis added).

Here, the defendants violated the FLSA by failing to maintain the required records regarding the plaintiff's work hours. *See* 29 C.F.R. § 211(c). Having no records available to discover during the course of investigation, the plaintiff is unable to offer concrete evidence in support of his claim. The plaintiff claims to have "worked the scheduled hours in most of his weeks of employment." Pl.'s Statement of Material Facts, ¶ 19 [Doc. No. 26-3]. The plaintiff's testimony is enough to meet his burden, as the reasonable inference drawn from his sworn declaration is that the plaintiff worked overtime during the five and six-day workweeks. *See Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (holding that an employee's testimony estimating the number of hours he worked is sufficient to meet his burden where his employer fails to keep accurate employment records because the employee will not be denied recovery if the precise number of hours he worked cannot be determined).

The defendants contend that they "[do] not believe that [the plaintiff] is truthful in his estimates of hours he worked, prior to the time when [he] was required to clock in and out." Defs.' Resp., ¶10 [Doc. No. 27]. In support of his belief, Brannon states that the plaintiff was notorious among the other employees for taking two to three hour lunch breaks. Aff. of Michael Brannon, ¶ 10 [Doc. No. 27-2]. The defendants also offer proof of the plaintiff's dishonesty on his employment application. Aff. of Michael Brannon, ¶ 16 [Doc. No. 27-2]; Ex. F to Defs.' Resp. [Doc. No. 27-8]; Ex. G to Defs.' Resp., ¶13 [Doc. No. 27-9].

Where the credibility of the movant's testimony as to a material fact "is challenged by the opposing party and *specific bases for possible impeachment are shown*, summary judgment should be denied and the case allowed to proceed to trial." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2726 (3d ed. 1998). Accordingly, the court denies summary judgment as to whether the plaintiff worked overtime hours for the workweeks from September 12, 2011 through February 4, 2012.

### 2. The defendants are liable for uncompensated overtime worked by the plaintiff for the workweeks of February 5, 2012 through March 5, 2012

The record shows that the defendants properly recorded the plaintiff's work hours during the workweeks of February 5, 2012, through March 5,

11

2012. According to those records, the plaintiff worked overtime hours each of the four workweeks. Ex. D. to Defs.' Resp., [Doc. 27-6]. Further, the defendants do not contend that the plaintiff did not *actually* work during the hours on record, and the defendants' payroll records show the plaintiff did not receive overtime compensation for the hours he worked in excess of forty. Ex. A to Defs.' Resp., [Doc. No. 27-3]. Thus, the plaintiff is entitled to judgment as a matter of law regarding the workweeks beginning February 5, 2012 (52.32 hours worked, 12.32 hours uncompensated); February 12, 2012 (42.33 worked, 2.33 uncompensated); February 19, 2012 (51.85 worked, 11.85 uncompensated); and February 26, 2012 (44.96 worked, 4.96 uncompensated). Ex. D to Defs.' Resp., [Doc. No. 27-6].

The defendants claim the plaintiff cannot show he suffered pecuniary damage by being paid salary, as "he was actually paid more under a salary arrangement than if he had been not been [sic] exempt from the overtime requirement of the FLSA and was paid overtime."[4] Defs.' Resp., ¶ 5, [Doc. No. 27]. This argument, however, is without merit and directly contradicts the

---

[4] The defendants attempt to raise an issue of fact regarding whether they properly compensated the plaintiff for overtime worked when calculated at the "market rate" of $10 per hour. Defs.' Resp., ¶ 8, [Doc. No. 27]. The defendants' failure to properly research the matter is obvious, as their brief cites to no statute, regulation, or case law to support the contention that the "market rate" is the proper means by which to determine the plaintiff's "regular rate."

FLSA's standards for measuring overtime pay.  29 C.F.R. § 778.403 provides that "all the compensation received by the employee under a guaranteed pay plan is included in his regular rate, and no part of such guarantee may be credited toward overtime compensation due under the Act."

In *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259 (11th Cir. 2008), the Eleventh Circuit deferred to the Department of Labor's interpretive guidance in determining the plaintiff-employee's "regular rate."[5] Accordingly, this court also defers to the DOL's guidance.

An employee's regular rate "must be drawn from what happens under the employment contract." 29 C.F.R. § 778.108 (2011). The regular rate must be determined on an hourly rate basis, derived from the employee's wage contract.  *Id.* § 778.109. Where an employee is paid on a per diem basis without regard to the number of hours worked, and the employee receives no other compensation for his work, "his regular rate is determined by totaling all the sums received at such day rates . . . in the workweek and dividing by the total hours actually worked." *Id.* § 778.112. The employee is then entitled

---

[5] "In this case, neither party has offered any reason why we should not defer to the DOL's interpretive bulletin in determining what an employee's 'regular rate' of pay is." *See Rodriguez*, 518 F.3d at 1268 n.5 (2008). Likewise, the defendants offered no legal support for their "market rate" theory, and the plaintiff has not requested an alternative calculation.

13

to extra half-time pay at the regular rate for hours worked in excess of forty. *Id.*

Applying this formula, the defendants are liable to the plaintiff for uncompensated overtime as follows:

> February 5 – 11, 2012:  $600 / 52.32; $11.47 per hour
> ($11.47 / 2) x 12.32 hours = $70.66 owed
>
> February 12 – 18, 2012: $500 / 42.33; $11.81 per hour
> ($11.81 / 2) x 2.33 hours = $13.76 owed
>
> February 19 – 25, 2012: $600 / 51.85; $11.57 per hour
> ($11.57 / 2) x 11.85 hours = $68.55 owed
>
> February 26 – March 3, 2012: $500 / 44.96; $11.12 per hour
> ($11.12 / 2) x 4.96 hours = $27.58 owed

The court hereby grants summary judgment in favor of plaintiff for the four weeks from February 5, 2012 through March 3, 2012, and the defendants are liable for compensatory damages of $180.55.

**IV. Conclusion**

The plaintiff's motion of summary judgment [Doc. No. 26] is GRANTED IN PART and DENIED IN PART.

The court GRANTS summary judgment as to the plaintiff's contention that he was not an exempt employee employed in a bona fide administrative capacity. Further, the court concludes that the defendants are liable to the

plaintiff in the amount of $180.55 for 31.46 hours of uncompensated overtime accumulated from February 5, 2012 to March 3, 2012.

The court DENIES summary judgment as to whether the plaintiff worked more than forty hours in any workweek from September 12, 2011 to February 4, 2012, concluding there exists a genuine issue of material fact regarding the hours the plaintiff worked. The court reserves for trial the issues of (1) the number of overtime hours, if any, the plaintiff worked during each week during the "unrecorded" period; (2) whether the defendants' failure to pay overtime compensation was willful; (3) further damages, if any, owed to the plaintiff.

The parties are ordered to submit their proposed consolidated pretrial order within thirty days of the date of this order.

**SO ORDERED** this 15th day of July, 2013.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge